
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. CELESTE ANN WATSON, Defendant/Movant. | Cause No. CR 10-89-BLG-SEH<br><br>ORDER DENYING MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On September 9, 2013, Defendant Celeste Watson moved to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Watson is a federal prisoner proceeding pro se.

Watson claims that the Supreme Court's recent decision in *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), provides her a right to relief. It does not. The only factor giving rise to the five-year statutory mandatory minimum in Watson's case was the quantity of methamphetamine involved. *See* 21 U.S.C. § 841(b)(1)(B)(viii); Indictment (doc. 1) at 2. Watson admitted she was responsible for at least 50 grams of methamphetamine, Plea Agreement (doc. 22) at 3-4 ¶ 6, which satisfies *Alleyne*, 133 S. Ct. at 2155, and *Apprendi v. New Jersey*, 530 U.S.

1

466, 483 n.10 (2000).

A certificate of appealability is not warranted. Watson's allegations show no error at all, much less one of constitutional dimension. 28 U.S.C. § 2253(c)(2).

ORDERED:

1. Watson's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 32) is DENIED for lack of merit;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Watson files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 13-118-BLG-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Watson.

DATED this 30th day of September, 2013.

Sam E. Haddon
United States District Court